UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| WAYNE DAVIS,<br>      Plaintiff,<br><br>    vs.<br><br>PAUL WHITESELL, in his official capacity<br>as Superintendent of the Indiana State<br>Police,<br>      Defendant. | 1:07-cv-0087 LJM-TAB |

## ORDER ON DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

This matter comes before the Court on defendant's, Paul Whitesell ("Whitesell"), Motion for Summary Judgment. Plaintiff, Wayne Davis ("Davis"), alleges that Whitesell, in his official capacity as Superintendent of the Indiana State Police, failed to reappoint Davis as an Indiana State Trooper solely because of his age in violation of the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. §§ 621-33a. Previously, the Court granted Whitesell's Motion to Dismiss. Dkt. No. 27. Davis appealed the decision, and the Seventh Circuit reversed and remanded to allow Davis discovery on the issue of whether Whitesell's decision not to reappoint him was made pursuant to a bona fide hiring plan under the ADEA. *Davis v. Indiana State Police*, 541 F.3d 760, 764 (7th Cir. 2008). For the following reasons, the Court concludes that Whitesell's Motion for Summary Judgment should be **GRANTED**.

## I. BACKGROUND

The Indiana State Police employed Davis as a trooper from December 1996 until November 2005. Def.'s Ex. A ¶ 8. Sometime in the winter or spring of 2006, Davis sought reappointment with the Indiana State Police. *Id.* at ¶ 9. At the time that Davis sought reappointment he was forty-two. Def.'s Ex. B at 3. The parties dispute whether Davis was rehired and then later terminated or whether Whitesell simply chose not to rehire Davis when he sought reappointment. Pl.'s Statement of Material Facts in Dispute ¶ 8. Davis claims that he was officially rehired at a board meeting of the Indiana State Police. *See* Pl.'s Ex. 3 at 2. Whitesell claims that there are a number of steps in addition to the board meeting that must occur pursuant to Indiana law in order for Whitesell to effectively and fully reappoint Davis as a State Trooper. Def.'s Reply at 5; Def.'s Ex. A ¶ 7. Regardless, Whitesell did not permanently reappoint Davis, and Davis was so notified in May of 2006. Pl.'s Ex. 2. The letter notifying him provided alternative explanations for the decision. *Id.* It cited both the policy of the Indiana State Police not to employ or reappoint anyone over the age of forty, and it cited the unsatisfactory results of a background check that the Indiana State Police conducted pursuant to Davis' request for reappointment. *Id.* In Whitesell's deposition, he stated that he had not seen the results of the background check until immediately before the deposition and his decision not to rehire Davis was based "solely on the age rule." Def.'s Ex. G at 5. Whitesell now cites both the background check and the age rule as the reasons that Davis was not rehired. Def.'s Statement of Undisputed Material Facts ¶ 14.

## II. **STANDARD**

As stated by the Supreme Court, summary judgment is not a disfavored procedural shortcut, but rather is an integral part of the federal rules as a whole, which are designed to secure the just, speedy, and inexpensive determination of every action. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 327 (1986); s*ee also United Ass'n of Black Landscapers v. City of Milwaukee*, 916 F.2d 1261, 1267-68 (7th Cir. 1990). Motions for summary judgment are governed by Federal Rule of Civil Procedure 56 (c) ("Rule 56(c)"), which provides in relevant part:

> The judgment sought should be rendered if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law.

Once a party has made a properly-supported motion for summary judgment, the opposing party may not simply rest upon the pleadings but must instead submit evidentiary materials which "set forth specific facts showing that there is a genuine issue for trial." FED. R. CIV. P. 56(e). A genuine issue of material fact exists whenever "there is sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986). The nonmoving party bears the burden of demonstrating that such a genuine issue of material fact exists. *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586-87 (1986); *Oliver v. Oshkosh Truck Corp.*, 96 F.3d 992, 997 (7th Cir. 1996). It is not the duty of the Court to scour the record in search of evidence to defeat a motion for summary judgment; rather, the nonmoving party bears the responsibility of identifying the evidence upon which she relies. *See Bombard v. Fort Wayne Newspapers, Inc.*, 92 F.3d 560, 562 (7th Cir. 1996). When the

moving party has met the standard of Rule 56, summary judgment is mandatory. *See Celotex*, 477 U.S. at 322-23; *Shields Enters., Inc. v. First Chi. Corp.*, 975 F.2d 1290, 1294 (7th Cir. 1992).

In evaluating a motion for summary judgment, the Court should draw all reasonable inferences from undisputed facts in favor of the nonmoving party and should view the disputed evidence in the light most favorable to the nonmoving party. *See Estate of Cole v. Fromm*, 94 F.3d 254, 257 (7th Cir. 1996). The mere existence of a factual dispute, by itself, is not sufficient to bar summary judgment. Only factual disputes that might affect the outcome of the suit in light of the substantive law will preclude summary judgment. *See Anderson*, 477 U.S. at 248; *JPM Inc. v. John Deere Indus. Equip. Co.*, 94 F.3d 270, 273 (7th Cir. 1996). Irrelevant or unnecessary facts do not deter summary judgment, even when in dispute. *See Clifton v. Schafer*, 969 F.2d 278, 281 (7th Cir. 1992). "If the nonmoving party fails to establish the existence of an element essential to his case, one on which he would bear the burden of proof at trial, summary judgment must be granted to the moving party." *Ortiz v. John O. Butler Co.*, 94 F.3d 1121, 1124 (7th Cir. 1996).

### III. DISCUSSION

As a threshold issue, the Court addresses Whitesell's argument that the Eleventh Amendment bars Davis' claim under the ADEA. The Supreme Court has decided that the ADEA does not properly abrogate the States' sovereign immunity under Section 5 of the Fourteenth Amendment. *Kimel v. Florida Bd. of Regents*, 528 U.S. 62, 92 (2000). However, this decision just means that Davis' claim is barred by the Eleventh Amendment to the extent that Davis seeks monetary damages against Whitesell. *See id.* To the extent

that Davis seeks prospective relief from Whitesell, a state official acting in his official capacity, the Eleventh Amendment presents no bar. *Ex Parte Young*, 209 U.S. 123 (1908). Although the Eleventh Amendment does not bar Davis' claim as a matter of substantive law, Whitesell waived this argument by omitting mention of the Eleventh Amendment until his Reply. *See Venters v. City of Delphi*, 123 F.3d 956, 968-69 (7th Cir. 1997).

This case presents three distinct issues. First, Davis claims that he was formally reappointed as a state trooper and then fired. If that were the case, Indiana's regulatory hiring plan would not provide Whitesell protection from Davis' ADEA claim. Second, although Whitesell claims that he made the decision not to reappoint Davis pursuant to a bona fide rehiring plan, Davis contends that Indiana's regulatory hiring plan is not bona fide for the purposes of the ADEA. Finally, Davis claims that even if the plan is bona fide, Whitesell did not make his decision not to reappoint Davis pursuant to it. The Court will address each issue in turn.

Davis was never formally reappointed as an Indiana State Trooper. According to the Indiana Administrative Code there are several steps that must be undertaken before a former employee can be reinstated. The former employee must submit a letter of request to the superintendent. 240 Ind. Admin. Code § 1-4-18(a). Davis submitted his letter on January 4, 2006. Pl.'s Ex. 8. "If the request for reappointment is to be considered further, an investigation shall be conducted in the former employee's home community, among his recent employers, his former commanding officers, and other department associates." 240 Ind. Admin. Code § 1-4-18(b)(2). The meeting where the Board considered Davis' reappointment predated the conclusion of the background check that is required by law in order to reappoint an employee of the Indiana State Police. *See* Pl.'s Ex. 2. Therefore, the

alleged reappointment that took place at the board meeting could not have been a full reappointment.  See 240 Ind. Admin. Code § 1-4-18.

Next, Whitesell claims he denied Davis reappointment "pursuant to a bona fide hiring or retirement plan that is not a subterfuge to evade the purposes of [the ADEA]." 29 U.S.C. § 623(j).  The ADEA prohibits employment discrimination against individuals on the basis of their age when those individuals are forty and over.  29 U.S.C. §§ 621-33a.  However, Congress created a safe harbor for state and local governments wishing to enforce age restrictions on hiring police or firefighters.  29 U.S.C. § 623(j).  In order to avail itself of the safe harbor, the state or local government must have had its age restriction in place on March 3, 1983 and any refusal to hire a firefighter or law enforcement agent must take place "pursuant to a bona fide hiring . . . plan that is not a subterfuge to evade the purposes of the [ADEA]."  Id.

Whitesell alleges that he chose not to reappoint Davis pursuant to 240 Indiana Administrative Code § 1-4-18, which states that "[t]he applicant shall meet all the requirements for police employees as specified in 240 I.A.C. 1-4-2 and 240 I.A.C. 1-4-3 subject to approval of the superintendent and the board."  According to the cited regulations, no new or reappointed state police officer shall be over the age of forty.  240 Ind. Admin. Code § 1-4-3.  The parties do not dispute that these provisions of the Indiana Administrative Code were in effect on March 3, 1983.

Whitesell claims that these regulations form a bona fide plan for the purposes of § 623(j).  There are very few cases indicating the contours of what constitutes a bona fide hiring plan, but it "presumably would be one that is genuine and pursuant to which actual hiring decisions are made." Kopec v. City of Elmhurst, 193 F.3d 894, 901 (7th Cir.

1999). Davis contends, without any precedential support, that the plan cannot be bona fide because it was not properly enacted under the relevant state law. The Court does not need to determine whether the plan was properly enacted under Indiana law. *See id.* at 907 (Posner, J., dissenting) (suggesting that "a plan repealed as a statute could continue as a policy," that could fulfill the bona fide plan requirement but arguing that the court should reverse the case at bar because the defendant failed to make that argument). Therefore, whether the administrative regulation that embodies the plan at issue in this case is within the bounds of Indiana law does not affect its status as a bona fide plan.

      This case arises under the ADEA, and all that the ADEA requires is the plan be bona fide and not subterfuge to evade the purposes of the ADEA. 29 U.S.C. § 623(j)(2); *Kopec*, 193 F.3d at 901. The Seventh Circuit stated that a plan is bona fide where it "sets out the real rules of decision." *Davis v. Indiana State Police*, 541 F.3d 760, 762 (7th Cir. 2008). Further, "[t]o the extent that a hiring plan includes a maximum age of hire, what little case law there is on the subject suggests that the plan will not be considered a 'subterfuge to evade the purposes of the Act' so long as the age criterion pre-dates the ADEA (or its extension to employees of state and local governments)." *Kopec*, 193 F.3d at 901. Here the plan was in effect in January 1983, and it sets out concrete, objective hiring criteria. *Cf. id.* Davis has put forth no evidence to suggest that the plan was designed to evade the purposes of the ADEA or that it fails to set out the real rules of decision. As a matter of law, the plan is bona fide for the purposes of the ADEA. *See Davis* 841 F.3d at 762; *Kopec*, 193 F.3d at 901.

      That the plan is bona fide is not enough, however. Whitesell must have made the decision not to reappoint Davis "pursuant to the plan." *Davis*, 841 F.3d at 763. The

7

Seventh Circuit pointed to the "curious" language in Indiana's regulations to illustrate the possibility that Whitesell's decision not to reappoint Davis might not have been pursuant to the plan. *Id.* The Indiana regulatory language provides that "[t]he applicant shall meet all the requirements for police employees as specified . . . subject to the approval of the superintendent and the board." 240 Ind. Admin. Code § 1-4-18(b)(4). The Seventh Circuit stated that if the phrase "subject to the approval of the superintendent and the board" means that the board and superintendent have discretionary authority to grant exceptions to the rules, Whitesell's decision to reject Davis was not made "pursuant to" the age rules specified in the plan. *Davis*, 541 F.3d at 763.

Whitesell claims that his decision not to reappoint Davis was made pursuant to the plan. In support, he notes that the age restriction has been in force and uniformly applied from 1983 to the present time with the exception of the period when Congress lifted the age exception of the ADEA for law enforcement and firefighters. Def.'s Br. at 9; Def.'s Ex. A ¶¶ 10-12. Davis contends that as a matter of law Whitesell's decision not to reappoint Davis was not made pursuant to the policy. In support, he points to one state trooper who was appointed twelve days after he reached the regulatory age limit in contravention of the age policy. Pl.'s Ex. 6. Whitesell claims this single anomaly in the application of the plan does not mean that Whitesell's decision to reappoint Davis was not made pursuant to it. Davis points to no other support in the record that indicates that the language "subject to approval of the superintendent and the board" means the superintendent and the board can elect to apply the age policy to some candidates and not to others. Davis has produced only a "scintilla of evidence" to support his claim that Whitesell's decision not to reappoint

8

him was not made pursuant to a bona fide policy under § 623(j). *Anderson*, 477 U.S. at 251-52. Therefore, Whitesell's Motion for Summary Judgment is **GRANTED**.

### IV. CONCLUSION

For the foregoing reasons, the defendant's, Paul Whitesell in his official capacity as the Superintendent of the State Police, Motion for Summary Judgment is **GRANTED**.

IT IS SO ORDERED this the 14th day of June, 2010.

_____
LARRY J. McKINNEY, JUDGE
United States District Court
Southern District of Indiana


Distribution to:

Donald G. Banta
INDIANA OFFICE OF THE ATTORNEY GENERAL
donald.banta@atg.in.gov

Laura Lee Bowker
OFFICE OF THE INDIANA ATTORNEY GENERAL
laura.bowker@atg.in.gov

Neal R Lewis
LEWIS & ASSOCIATES
lewis-assoc@dmcl.net